HON. RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PIERCE COUNTY, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 10-5314RBL <br><br> CONSENT DECREE |

WHEREAS, Plaintiff Waste Action Project filed a Complaint against Defendant Pierce County on July 7, 2010, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's municipal separate storm sewer system located in Pierce County, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional

CONSENT DECREE - 1
No. 10-5314RLB

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

litigation is the most appropriate means of resolving this action; and

WHEREAS, Plaintiff and Defendant, without trial, adjudication, or admission of any issues of fact or law with respect to Plaintiff's claims or allegations and without admission of any fact, allegation, or legal argument contained in Plaintiff's sixty (60) day notice or complaint in this action, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, upon consent of the parties and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that he is fully authorized by the party or parties whom he represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon the successors and assigns of the parties.

4. This Consent Decree shall apply to Defendant's operation and/or oversight of its municipal separate storm sewer system as regulated by the Phase I National Pollutant Discharge Elimination System Municipal Stormwater Permit No. WAR04-4002 (the "NPDES permit") as it currently exists. The NPDES permit is Attachment 1 to this Decree and incorporated herein by reference.

5. This Consent Decree constitutes the exclusive remedy and a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the

CONSENT DECREE - 2
No. 10-5314RLB

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the system identified in paragraph 4 of this Consent Decree, which claims are released and dismissed with prejudice. Enforcement of this Decree shall be the exclusive remedy of the plaintiff for any violation of its terms.

      6.      This Consent Decree is a settlement of disputed facts and law and shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

      7.      In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

      a.      Defendant shall comply fully with all conditions of the NPDES permit, except as otherwise provided below;

      b.      Not later than December 31, 2010, Defendant shall hire an additional 14.5 FTEs to be specifically dedicated to complying with conditions of the NPDES permit;

      c.      Not later than December 31, 2010, Defendant shall comply fully with NPDES permit Condition S5.C.5.b.viii., concerning training for employees having primary construction, operations or maintenance job functions that could impact stormwater quality, and with NPDES permit Condition S5.C.8.b.iv., concerning training for field staff;

      d.      Not later than June 30, 2011, Defendant shall fully comply with NPDES permit Condition S5.C.7.b.ii., concerning a program to identify potentially pollution generating

CONSENT DECREE - 3
No. 10-5314RLB

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

sites, and NPDES permit Condition S5.C.7.b.iv., concerning implementation of a progressive enforcement policy;

  e. Not later than December 31, 2011, Defendant shall fully comply with NPDES permit Condition S5.C.5.b.vi., concerning pre-construction inspection of permitted development sites, NPDES permit Condition S5.C.7.b.iii, concerning an audit/inspection program for sites identified pursuant to NPDES permit Condition S5.C.7.b.ii, NPDES permit Condition S5.C.8.b.i., concerning an illicit discharge detection and elimination program, NPDES permit Condition S5.C.8.b.viii., concerning an emergency response program, NPDES permit Condition S5.C.9., concerning catch basin and inlet inspections, NPDES permit Condition S5.C.10.b.i.4., concerning an education and outreach program, and NPDES permit Conditions S8.G.1 and G.2., concerning a monitoring program; and

  f. Not later than thirty days after each of the deadlines established in subparagraphs 7.b. through e. above, Defendant shall provide a written notification to Plaintiff explaining how Defendant has met the relevant deadline.

 8. Not later than December 31, 2011, Defendant shall mail a check in the amount of $37,500.00 (THIRTY SEVEN THOUSAND, FIVE HUNDRED DOLLARS) to the Cascade Land Conservancy, 615 Second Ave., Ste. 600, Seattle, WA 98104 with the notation "Clover Creek Restoration Project" for the project that is described in Attachment 2 to this Decree. A copy of this check will also be provided to Plaintiff.

 9. Within 30 days of the entry of this Consent Decree, Defendant shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $15,000.00 (FIFTEEN THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East

CONSENT DECREE - 4
No. 10-5314RLB

John St., Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

10. Defendant shall comply with all requirements of this Decree within the time periods specified herein. If any event occurs that is outside of the reasonable control of Defendant (a "force majeure event" as defined below), which causes a delay in performing tasks required by this Decree, the delay shall not constitute a failure to comply with the terms of this Decree, provided that Defendant has submitted written notification to Plaintiff no later than fifteen (15) days after the date that Defendant first concludes that such event has caused or will cause non-compliance, describing the length or anticipated length of non-compliance, the precise circumstances causing non-compliance, the measures taken or to be taken to prevent or minimize non-compliance, and a schedule for implementation of the measure to be taken.

A force majeure event shall include, but not be limited to the following, to the extent they are outside the reasonable control of the Defendant and cannot be overcome by diligence:

    A. Acts of God, war, insurrection, or civil disturbance;

    B. Earthquakes, landslides, fire, floods;

    C. Actions or inactions of third parties over which defendant has no control;

    D. Unusually adverse weather conditions;

    E. Restraint by court order or order of public authority;

    F. Strikes; and

    G. Any other litigation or arbitration or mediation that causes delay.

Provided that Defendant complies with the notice provision of this paragraph, then in the event that Defendant fails to comply or anticipates failing to comply with the requirements of this Decree because of a force majeure event, Defendant's failure to comply, as described in the

CONSENT DECREE - 5
No. 10-5314RLB

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

written notice to Plaintiff under this paragraph, shall not be a violation of this Decree and shall not result in any liability or other sanctions.  In such event, the milestone date(s) shall be extended for a reasonable period of time following the force majeure event.

11.     The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 13.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record.  If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the court.

12.     The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3).  Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

13.     This Consent Decree shall take effect on the date it is entered by the Court.  This Consent Decree shall terminate sixty (60) days following completion of all obligations under it or earlier upon written agreement of the parties and approval of the Court.

14.     The rule of construing ambiguities against the drafting party shall not apply to this Decree.

CONSENT DECREE - 6
No. 10-5314RLB

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

15. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

16. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

17. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Waste Action Project, P.O. Box 4832, Seattle, WA 98104. Notifications required by this Decree to be made to Defendant shall be mailed to Pierce County, Office of the Pierce County Executive, Room 737 City-County Building, 930 Tacoma Avenue South, Tacoma, WA 98402.

Dated and entered this 7th day of January, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

WASTE ACTION PROJECT
Signature:      /s/ Greg Wingard_____
Title:          Executive Director_____
Dated:          October 20, 2010_____

PIERCE COUNTY
Signature:      Pat McCarthy_____
Title:          Executive_____
Dated:          October 13, 2010_____

CONSENT DECREE - 7
No. 10-5314RLB

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883